# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-98 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Damonte Jerome Lavell Harris, *also known as Damonte Jerome Lavelle Harris*, | |
| Defendant. | |

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Frederick J. Goetz, Goetz & Eckland PA, 615 First Avenue Northeast, Suite 425, Minneapolis, MN 55413 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion to Produce 404(b) Evidence, ECF No. 23;

2. Defendant's Motion for Brady Material, ECF No. 24;

3. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 25;

4. Defendant's Gigilo Motion, ECF No. 26;

5. Defendant's Motion for Early Disclosure of Jencks Material, ECF No. 27;

6. Defendant's Motion to Preserve Rough Notes, ECF No. 28;

7. Defendant's Motion for Discovery, ECF No. 29;

1

8. Defendant's Motion for Discovery of Post-Conspiracy Statements of Co-Defendants, ECF No. 30;

9. Defendant's Motion for Discovery Pertaining to DNA Evidence, ECF No. 31; and

10. Defendant's Motion for Discovery Pertaining to Ballistics Comparisons, ECF No. 32.

A hearing was held on May 4, 2021. ECF No. 45. Assistant United States Attorney Thomas Calhoun-Lopez appeared on behalf of the United States of America (the "Government"). Attorney Frederick J. Goetz appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Produce 404(b) Evidence, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b)" and "identify the witnesses through whom such evidence will be presented at trial." ECF No. 23 at 1.

The Government states that it "is aware of its obligations under Rule 404(b) and will fully comply with those obligations." Omnibus Resp. at 1, ECF No. 38. The Government further states that it "intends to produce all such evidence as soon as practicable" and "agrees to disclose all such evidence at least two weeks prior to trial." Omnibus Resp. at 2. At the hearing, Defendant was satisfied with the Government's

proposed timeline. Tr. 4:9-14, ECF No. 48.[1]

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes,

---

[1] The Court notes that, although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due May 24, 2021, and no such notice was filed. ECF No. 48.

1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

2. Defendant's Motion for Brady Material, ECF No. 24, and Giglio Motion, ECF No. 26, are **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), *Moore v. Illinois*, 408 U.S. 786 (1972), *Kyles v. Whitley*, 115 S. Ct. 1555 (1995), *Youngblood v. West Virginia*, 126 S. Ct. 2188 (2006), and *Giglio v. United States*, 405 U.S. 150 (1972).

The Government acknowledges its obligations under *Brady*, *Giglio*, and their progeny, and states that it will comply with those obligations. Omnibus Resp. at 2, 3. The Government objects to Defendant's motions to the extent they seek information beyond the requirements of these authorities. Omnibus Resp. at 2, 3.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the

indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. The parties are encouraged to provide Jencks Act materials no less than three business days before trial. *See infra* ¶ 4.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 25, is **GRANTED**. Defendant requests the disclosure of any expert testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence no later than 30 days before trial. *See* Fed. R. Crim. P. 16(a)(1)(G). The Government agrees with Defendant's proposed

timeline. Tr. 5:4-11; *see* Omnibus Resp. at 3. At the hearing, the Court inquired whether there was a need for rebuttal experts, and the parties agreed to 14 days before trial for any such experts. Tr. 5:12-17.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

4. Defendant's Motion for Early Disclosure of Jencks Material, ECF No. 27, is **DENIED**. Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least one week prior to trial. The Government objects to any Court-ordered early disclosure, but agrees to produce such materials no later than three business days prior to trial. Omnibus Resp. at 3; Tr. 5:23-6:21. At the hearing, Defendant agreed to the Government's proposal of three business days. Tr. 6:12-15.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72

7

(8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three business days before trial.

5. Defendant's Motion to Preserve Rough Notes, ECF No. 28, is **GRANTED**. Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. The Government does not object to the retention of rough notes, but opposes an order requiring disclosure of rough notes. Omnibus Resp. at 4.

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

6. Defendant's Motion for Discovery, ECF No. 29, is **GRANTED IN PART** and **DENIED IN PART**. Defendant generally seek materials subject to disclosure under Rule 16(a)(1)(A) through (F) of the Federal Rules of Criminal Procedure as well as the identification and statements of any co-conspirator/co-participant, witness information, and an order for continuing disclosure. Defendant also requests that any ordered discovery be produced within "three working days." ECF No. 29 at 5.

The Government "does not object to this motion insofar as it seeks items that fall within the ambit of [Rule] 16," and states that it has and will continue to comply with Rule 16. Omnibus Resp. at 4. The Government does, however, object to the extent Defendant seeks discovery outside of Rule 16.

Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. *See, e.g.*, *infra* ¶ 2. Defendant's discovery requests are denied in all other respects. *See Johnson*, 228 F.3d at 924. *See also, e.g.*, ¶¶ 2, 7. Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

7.  Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants, ECF No. 30, is **DENIED** to the extent Defendant seeks disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE** as premature to the extent Defendant seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendant seeks an order compelling the Government "to give notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any co-defendant" as well as granting "leave to file motions for severance, suppression, and/or in limine" based on

those disclosures. ECF No. 30 at 1. Defendant also requested identification and statements of any co-conspirator/co-participant in his motion for discovery. ECF No. 29 ¶ 8.

While not opposing Defendant's request for leave to file future motions, the Government opposes Defendant's "attempt at early disclosure of intent to introduce evidence" and asserts only those statements containing Jencks Act or *Brady* material are discoverable. Omnibus Resp. at 5. The Government states that "[i]f a co-defendant, unindicted co-conspirator, or other type of cooperating defendant will be a witness at trial, . . . [it] agrees to provide any statements of that witness pursuant to the Jencks Act not later than three days prior to trial, and anticipates providing th[e] materials well in advance of that date." Omnibus Resp. at 5.

At the hearing, the Government further explained that "it is not impossible" that such evidence might come into play, but did not anticipate it to "be a factor" in this case. Tr. 7:8-8:4. The Government reiterated its agreement to provide any such evidence no later than three business days prior to trial. Tr. 7:8-8:4. The Government's proposal was acceptable to Defendant. Tr. 8:11-19. Defendant identified an individual who, "under one theory," could be a possible co-conspirator and indicated that he was "not aware of any statements that [individual had] made." Tr. 8:11-19. The Government agreed, and confirmed it was not in possession of any statements by that individual. Tr. 8:20-22.

The Court understands Defendant's reference to Fed. R. Crim. P. 16(c), which sets forth a party's continuing duty to disclose, in light of the present unknowns. Nevertheless, generally speaking, Rule 16 "does not cover testimony by a government

witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendant's motion and discovery request insofar as they seek pretrial disclosure of statements or confessions of any co-defendant, co-conspirator, or co-participant pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance,

statements to a co-conspirator, and business records are not testimonial).

At this juncture, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *adopting report and recommendation*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant, co-conspirator, or co-participant are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations, including but not limited to its agreement to produce any such materials no later than three business days before trial. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). Defendant's request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice.

8. Defendant's Motion for Discovery Pertaining to DNA Evidence, ECF No. 31, is **GRANTED**. Pursuant to Fed. R. Crim. P. 16(a)(1)(F) and (G), Defendant requests "discovery pertaining to all DNA evidence and testimony the [G]overnment intends to introduce at trial." In its Omnibus Response, the Government stated that it would "work with counsel to provide the requested material." Omnibus Resp. at 6. At the hearing,

Defendant confirmed that the Government had produced "the full BCA DNA file." Tr. 9:1-4. There being no opposition thereto, Defendant's motion is granted.

9. Defendant's Motion for Discovery Pertaining to Ballistics Comparisons, ECF No. 32, is **GRANTED**. Pursuant to Fed. R. Crim. P. 16(a)(1)(F) and (G), Defendant requests certain ballistics discovery, including but not limited to information regarding the subject firearm being linked to three other cases. *See* Tr. 9:7-14. In its Omnibus Response, the Government stated that it would "work with counsel to provide the requested material." Omnibus Resp. at 6. At the hearing, the parties indicated that they would meet and confer regarding any outstanding reports and did not anticipate any problems with respect to the requested discovery. Tr. 9:7-24. There being no opposition thereto, Defendant's motion is granted.

10. All prior consistent orders remain in full force and effect.

11. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: July___16___, 2021                              *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *United States v. Harris*
                                                      No. 20-cr-98 (SRN/TNL)